813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry E. RANDLE, Appellee,
v.
Ralph D. MITCHELL, Jr., Appellant,
and
Resicon Management Corp., Motor Yacht Ali Kat, Her Engines,
Tackle, Boilers, etc., Damon Corporation, Resicon
Building Corp., Defendants.
 No. 86-1522.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 8, 1986.
Decided Oct. 27, 1986.
 
 Before WINTER, Chief Judge, and HALL and SPROUSE, Circuit Judges.
 Tarrent H. Lomax (Rhodes, Dunbar & Lomax, Chtd., on brief), for appellant.
 Jonathan A. Chase (Warren B. Daly, Jr.; Ober, Kaler, Grimes & Shriver, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Plaintiff was granted judgment in his maritime action to recover for his services and materials furnished for the repair and maintenance of a pleasure boat allegedly owned by defendant. Defendant appeals, contending that the district court committed reversible error in overruling his defense of laches, in holding him personally liable for plaintiff's claim, and in allowing prejudgment interest at the Moody AAA corporate bond rate rather than the legal rate, without assigning a reason therefor. We see no merit in these contentions and we affirm.
 
 
 2
 Laches is an equitable doctrine which is ordinarily invoked when delay exceeding the analogous statute of limitations period has resulted in prejudice to the defendant. Here the district court found that defendant did not suffer prejudice from plaintiff's delay in bringing suit, and our review of the record satisfies us that the finding is not clearly erroneous.
 
 
 3
 Similarly, the district court's finding that plaintiff contracted for his services with defendant, and not one of the several corporations owned and controlled by defendant, is not clearly erroneous.
 
 
 4
 The decision to allow prejudgment interest for some or all of the period prior to judgment and the choice of an index to compute such interest is lodged in the discretion of the district court. Its decision to employ an established, widely-accepted measure for all of the period prior to judgment did not constitute an abuse of discretion.
 
 
 5
 AFFIRMED.